IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
_____ DIVISION

RECEIVED
2023 JAN -4 P 4:39
TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Leonardo de Carvalho Pereira )
(*Pro se* litigant). )
 )
____Plaintiff(s),____ ) CIVIL ACTION NO.
 )
 ) JURY DEMAND (MARK ONE)
 )
 v. ) ☐ YES   ☒ NO
Niva Costa Cruz Gunter )
 ) 2:23-cv-00005-ECM-JTA
 )
 )
____Defendant(s).____

## COMPLAINT

1.   Plaintiff(s)' address and telephone number: Praça Menelick de Carvalho, nº 46 – Apt 1301, 36.015-330 – Juiz de Fora/MG-Brazil.

2.   Name and address of defendant(s): Niva Costa Cruz Gunter.
508 Henderson St, Andalusia, AL 36420.

3.   Place of alleged violation of civil rights: Brazil and the U.S.A

4.   Date of alleged violation of civil rights: January 12, 2022

5.   State the facts on which you base your allegation that your constitutional rights have been violated: Defendant abducted my children from their habitual residency, Brazil, to the U.SA in breach of rights of joint custody and in breach of previous American judicial decision from the Circuit Court of the Fourth Judicial Circuit, in and for Clay County, Florida, which stated defendant's obligation to return the children to Brazil and established Brazil as their habitual residency.

1



12/29/2022

6. Relief requested: A. Take provisional measures to prevent further removal or concealment of children by the Defendant until the procedure is finalized.

B. Take arrangements for organizing and securing the effective exercise of rights of access to children by Petitioner.

C. Set an early evidentiary hearing on this Petition and communicate that hearing date and time to the Defendant.

D. Enter a final Order requiring the Defendant to return the Children to their habitual residency, which is Brazil.

E. Enter a final Order for Petitioner to travel to the U.S.A for the safe and protective removal of children of American territory and peaceful return to their habitual residency.

F. Grant an Order towards American international borders authorities for children to eventually reenter the U.S.A only with express, notarized and apostilled two-parent consent.

Date: 12/29/2022          *Leonardo de Carvalho Pereira*

Plaintiff(s) Signature

# FedEx International Air Waybill

*Origin Copy*

For FedEx services worldwide. Packages up to 68 kg, excluding dangerous goods. Not all services and options are available to all destinations.

**1 From**

- Date:
- Sender's FedEx Account Number:
- Sender's Name: Leonardo de Carvalho
- Phone: [illegible]
- Company:
- Address: Praça Mauricio de Nassau no 16
- Address: Centro Civic de Ford
- City: Sao de Lora
- State/Province: [illegible] CEP/S
- Country: Brasil
- ZIP/Postal Code: 36025-330
- Email Address: [illegible]@hotmail.com
- Sender's Tax ID for Customs Purposes: M16-989-131
- Internal Billing Reference:

FedEx Tracking Number: **8166 0637 6351 0411**

**4 Express Package Service**
- 06 ☐ FedEx Intl. First
- 01 ☐ FedEx Intl. Priority
- 03 ☑ FedEx Intl. Economy

**5 Packaging**
- 06 ☐ FedEx Envelope
- 02 ☑ FedEx Pak
- 03 ☐ FedEx Box
- 04 ☐ FedEx Tube
- 15 ☐ FedEx 10kg Box
- 25 ☐ FedEx 25kg Box
- 01 ☑ Other

**6 Special Handling and Delivery Signature Options**
- 01 ☐ HOLD at FedEx Location
- 03 ☐ SATURDAY Delivery
- 10 ☐ Direct Signature
- 34 ☐ Indirect Signature

**2 To**

- Recipient's Name: U.S. District Court [illegible]
- Phone: [illegible]
- Company: United States District Court for the Middle District of Alabama
- Address: [illegible]
- Address: One Church Street
- City: Montgomery
- State/Province: Alabama
- Country: United States
- ZIP/Postal Code: 36104
- Email Address: [illegible]@almd.uscourts.gov
- Recipient's Tax ID Number for Customs Purposes:

**7 Payment** — Bill transportation charges to:
- ☐ Sender
- ☐ 2 Recipient
- ☐ 3 Third Party
- ☐ 4 Credit Card
- ☑ 5 Cash/Check

FedEx Acct. No.: [redacted] 2905

Bill duties and taxes to:
- ☑ 1 Sender
- ☐ 2 Recipient
- ☐ 3 Third Party
- ☐ 5 Cash/Check

**8 Required Signature**

Sender's Signature: Leonardo de Carvalho [illegible]

**3 Shipment Information**
- Total Packages: 1
- Total Weight: kg
- DIM: / / cm

| Commodity Description | Harmonised Code | Country of Manufacture | Value for Customs |
|---|---|---|---|
| Documents | | | |

Recipient's Signature: **571**

Origin Station ID | Country Code/Destination Station ID | URSA Routing | Handling Units | Total Volume (cm)

Received At: 1 ☐ Reg. Stop  2 ☐ On-Call Stop  3 ☐ Drop Box  4 ☐ World Service Center  5 ☐ Station | Forms Attached: ☐ CI ☐ CO

Base Charges | Declared Val. Chrg. | Other | ODA/OPA | Credit Card Auth.
FedEx Emp. # | Audit Emp. # | Date | Time | Del. Courier Emp. # | Date | Time

PART 156768 • Rev. Date 10/14 • ©1994-2014 FedEx • PRINTED IN U.S.A. • Non-Negotiable International Air Waybill

RRDA 01/21

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF
ALABAMA, THE ELEVENTH CIRCUIT COURT

LEONARDO
DE CARVALHO PEREIRA,

    Petitioner/*pro se* Litigant

and

NIVA
COSTA CRUZ GUNTER,

    Respondent.

RECEIVED
2023 JAN -4 P 4: 41
TREY GRANGER, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

## VERIFIED PETITION TO DOMESTICATE A FOREIGN FLORIDIAN JUDGMENT AND TO ORDER THE RETURN OF ABDUCTED AND WRONGFULLY RETAINED CHILDREN PURSUANT TO INTERNATIONAL TREATY AND FEDERAL STATUTE

Petitioner, LEONARDO DE CARVALHO PEREIRA, *pro se* litigant, files this Verified Petition to Domesticate a Foreign Floridian Judgment and to Order the Return of Abducted and Wrongfully Retained Children pursuant to International Treaty and Federal Statute, and in support thereof states the following:

### Introduction

1. This Petition is brought pursuant to The Hague Convention on the Civil Aspects of International Child Abduction done at The Hague on October 25, 1980 (the "Convention") and 42 U.S.C § 1603(b), the International Child Abduction Remedies Act ("ICARA"). ICARA was created to deal with the sudden abduction of children and to allow a petitioner to assert his rights in exigent circumstances. See Distler v. Distler, 26 F. Supp. 2d 723, 727 (D.N.J. 1998).

2. Brazil and the United States are both signatories to the Convention and are, therefore, Contracting States.

3. This Petition filed by Petitioner respectfully requests this Court to domesticate, recognize, and enforce a foreign judgment from the State of Florida for the return of newly abducted and wrongfully retained children and is filed pursuant to Section 30-3B-302, Article 3,

4. Chapter 3B, Title 30 of the Alabama Statutes, and Article 10, Chapter 9, Title 6 of the Alabama Statutes and under The Hague Convention.

5. An action previously brought before the Circuit Court of the Fourth Judicial Circuit, in and for Clay County, Florida, granted in full Petitioner's request to have his children returned to Brazil after the Court's recognition of their illegal retention in the United States by Respondent and their place of habitual residence as being Brazil.

6. Petitioner, a Brazilian citizen, seeks the domestication and enforcement of a Floridian judgment and the consequent return of his minor children, **L.C.C.C.**, DOB ▇▇▇ 12, born in Juiz de Fora, Brazil, and **L.C.C.C.F.**, DOB ▇▇▇ 16, born in Hialeah, FL, USA, to the

place of their habitual residence in Brazil pursuant to 2016 Code of Alabama, Title 6, Chapter 9, Article 10.

7. Both children are under the age of 16. Certified copies and certified translations of minor children's birth certificates are attached to this petition as **Exhibit "A"**.

8. Respondent is the Mother of the minor children above. Respondent illegally retained minor children in the past, has now committed international abduction of said children in early January 2022 and is once again wrongfully retaining minor children in the United States of America in violation of the Convention and ICARA.

9. Based on the facts as set forth below, there is a grave and substantial likelihood that Respondent will again attempt to abscond with the minor children and continue to violate international law and further violate Petitioner's custody rights with respect to the Children.

### Jurisdiction and Venue

10. The Court has concurrent subject matter jurisdiction pursuant to 42 U.S.C. s. 11603(a) and 28 U.S.C. s. 1441(a). See also Johnson v. First Union Life Ins. Co., 914 F. Supp. 51, 52 (S.D.N.Y. 1996); Leonardis v. Local 282 Pension Trust Fund, 391 F.Supp. 554, 557 (E.D.N.Y. 1975) ("the existence of concurrent state and federal jurisdiction does not operate to defeat defendant's right to remove to federal court")

11. This Court has personal jurisdiction over Respondent because she is and was physically present within Covington County, where she currently resides.

### The Parties

12. Petitioner lives at: Praça Menelick de Carvalho, 46, Apto 1301, Centro, Juiz de Fora/MG, CEP 36015-430, Brazil.

13. Petitioner holds a valid Brazilian passport and a valid tourist visa to travel to the United States.

14. Petitioner is now married to a Brazilian citizen, Dr. Debora Gaburri (DOM: 10/08/2021).

15. Respondent's last known address is: 508 Henderson St, Andalusia, AL 36420, to where she moved with minor children without Petitioner's consent.

16. Respondent is a citizen of Brazil to the best of Petitioner's knowledge and has not obtained American citizenship. Respondent is now married to an American citizen, Mr. Troyce Ray Gunter (DOM: 07/25/2017) and is a permanent resident of the United States.

17. It is believed that the Respondent holds a valid passport under her Brazilian nationality.

### General Allegations/Statement of Facts

18. Petitioner and Respondent married on 10/15/2010 and lived together in the city of Juiz de Fora, Brazil, as a married couple from 2011 until January 2016, when they entered the United States on a valid Visitor Visa (B1/B2). A certified copy and certified translation of the marriage certificate is attached to this petition as **Exhibit "B"**.

19. The parties traveled at that time with the Respondent's minor child from another relationship (A.C., DOB ▮07), and the parties' minor child L.C.C.C., DOB ▮12.



20. The trip initially intended the obtention of a student visa by Petitioner to extend the family's stay and allow for him to pursue a cardiology fellowship with another doctor while visiting the United States. The Visitor Visa allows holders to stay for a limited number of days from the date of entry, after which it expires.

21. On 03/02/2016, L.C.C.C.F. was born in Hialeah, Miami-Dade County, Florida. Because both Children were born into the parties 'valid marriage, Petitioner has a natural custody right to the minor children under both Brazilian and U.S. law, which has not been terminated or diminished by any legal means under any jurisdiction in the world.

22. After frustration of the initial plans, and the impossibility to achieve the medical program by Petitioner as intended, the parties agreed to return to Brazil, where Petitioner was and is a well-established cardiologist.

23. The parties additionally agreed that Petitioner would return to Brazil after the birth of L.C.C.C.F. to retrieve his position as a cardiologist in the hospitals of Juiz de Fora and to restore their lifestyle in Brazil. Petitioner would return before the Respondent and children to prepare their previous house and reception for their upcoming arrival after Respondent's recovery from labor. Petitioner purchased a return ticket for 04/23/2016 to go to Florida and accompany his family back to Brazil after reestablishing their home in Juiz de Fora.

24. After Petitioner's return to Brazil in March 2016, around April of 2016, Respondent manifested intent to end their marriage by e-mail and to permanently remain in the United States with their children. Petitioner immediately denied Respondent permission to keep the minor children in the United States.

25. Petitioner made several attempts to communicate with Respondent for her return to Brazil with the parties 'children; however, Petitioner's requests were unsuccessful. Respondent gave Petitioner wrong addresses such that had Petitioner traveled to Florida, Petitioner would not have been able to find Respondent or the Children, because Petitioner did not actually know where Respondent and the Children were located.

26. Petitioner never agreed to allow the children to stay in the United States past April 2016 and has never stopped trying to return the children to Brazil.

27. A petition for dissolution of marriage was filed by the Respondent in Brazil's family court in July 2016 and a divorce decree was made on 07/12/2017. The merits of custody of minor children were prolonged and a provisional measure of joint custody was granted on 02/19/2021, despite Respondent's recalcitrance. A certified copy and certified translation of the Brazilian order is attached to this petition as **Exhibit "C"**.

28. Petitioner initiated proceedings with the Brazilian Central Authority in August 2016 for the return of the wrongfully retained minor children under The Hague Convention on the Civil Aspects of International Child Abduction. A true and correct copy of the Application is attached as **Exhibit "D"**.

29. At the time Respondent wrongfully retained the children, Petitioner was exercising his custody rights to the Children.

30. A petition for the return of the wrongfully retained minor children was filed on 06/23/2017 before the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, where Respondent and minor children lived at the time (Case No. 2017-DR-8793-O).

31. A Temporary Time Sharing Order was made on 03/07/2019 upon a Verified Petition filed by Petitioner on 02/06/2019. Respondent was obliged to promote contact between minor children and Petitioner daily in the agreed period of time, according to **Exhibit "E"**.

32. Respondent requested the Court the transfer of Venue on 02/08/2018 from Orange County, FL, to Clay County, FL, to where she moved with minor children at the time without Petitioner's consent along with her current husband, Mr. Gunter. The Court ordered the transfer of venue on 03/07/2019 to the Circuit Court of the Fourth Judicial Circuit, in and for Clay County, Florida. A new Case No. was addressed to the action: 2019-DR-000759.

33. Respondent moved minor children to a new address in Jacksonville, FL, and subsequently to Torrance, CA, on or about July 2019. The constant removal of minor children by Respondent from the addresses limitedly known by Petitioner were never communicated nor consented.

34. A Verified Petition for the Return of the Parties 'Children pursuant to International Treaty and Federal Statute was filed by Petitioner on 11/04/2019 before the new venue in Clay County.

35. Petitioner has never stopped exercising Petitioner's custodial rights to the Children.

36. A Petition for Joint Stipulations of Fact was filed by the Parties on 12/17/2019. A certified copy is attached to this Petition as **Exhibit "F"**.

37. On 01/06/2020, the Circuit Court of Florida granted the Petitioner's Relief for the Return of the Parties 'Children Pursuant to International Treaty and Federal Statute. The Honorable Judge ordered that Respondent, at the time, surrendered custody of minor children to Petitioner on or before 01/31/2020 for return to Brazil. A certified copy of the order is attached to this Petition as **Exhibit "G"**.

38. On 01/16/2020, Respondent filed a Verified Motion for Rehearing and/or Reconsideration; and/or Motion to Vacate or Set Aside Based on Fraud; and Motion to Extend Time to Comply with Travel Arrangements. A hearing was set to take place on 01/29/2020.

39. The Motion mentioned in para. 36 was in full denied on 02/13/2020 because Respondent failed to demonstrate an error on the initial order and/or fraud regarding Petitioner's request of return of minor children to Brazil. A certified copy of the order is attached to this Petition as **Exhibit "H"**.

40. Respondent appealed the Circuit Court Order on 02/14/2020. On 02/17/2020, Respondent moved a Motion to Stay of the Order Granting Petitioner's Relief for the Return of minor children. An order for Stay of the Order was granted on 03/24/2020.

41. Respondent moved with minor children to Andalusia, AL, without Petitioner's consent on or about May 2020.

42. The First District Court of Appeal of the State of Florida denied Respondent's appeal on 11/16/2020 under No. 1D20-523. An Emergency Motion for Order of Court Consistent with Appeal was filed by Petitioner and a Verified Second Motion to Extend Time to Comply with Travel Arrangements and/or for a Temporary Stay was filed by Respondent. Certified copies of the decisions are attached to this Petition as **Exhibit "I"**.

43. On 01/19/2021, the Circuit Court Judge ordered the minor children to be returned to their habitual residence in the city of Juiz de Fora, Brazil.

44. In light of the Return Order from the Florida Circuit Court, Respondent left the United States on 02/21/2021 and entered Brazil on 02/22/2021 through the International Airport of Rio de Janeiro Galeão (GIG).

**General Allegations regarding the Brazilian Judicial Scenario**

45. The parties are currently involved in four proceedings in Brazil before: a) the 3rd Family Court of Juiz de Fora (Docket No. 5013915-88.2016.8.13.0145 and 5003570-87.2021.8.13.0145); b) the Juvenile Court of Juiz de Fora / 3rd Family Court of Juiz de Fora (Docket No. 0003138-90.2020.8.13.0145); and c) the Superior Court of Justice (Docket No. 0085044-95.2021.3.00.0000 **or** 2021/0085044-0).

46. Petitioner filed the Petition before the Juvenile Court of Juiz de Fora on 02/10/2021 requesting the seizure of minor children's passports and the dispatch of a Certified and Urgent notice to the Federal Police of Brazil (Brazilian immigration and border protection authority) aiming the prohibition of minor children to leave Brazil once they entered Brazilian territory in compliance with the American judicial orders dispositions.

47. An urgent Order was granted on 02/19/2021 and Respondent was judicially commanded to surrender minor children's passports. The children became prohibited from leaving Brazilian territory.

48. Respondent constantly changed minor children addresses in the municipality of Juiz de Fora while in Brazil to abscond children from Court and to impede contact with Petitioner.

49. Respondent delivered minor children passports to the Brazilian Court Clerk on 06/30/2021. However, L.C.C.C.F.'s American passport was never surrendered by the Respondent.

50. Minor children were enrolled by Petitioner in a bilingual school of the city of Juiz de Fora after authorization from Court through an Order granted on 07/30/2021.

51. On 12/17/2021, a final order was made by the 3rd Family Court of Juiz de Fora (the final competent *forum*) to deny Petitioner's requests and to authorize the release of minor children's passports.

52. Petitioner appealed the order mentioned in para. 50 on 12/20/2021. A Stay Order to the Petition of Appeal was granted on 01/11/2022.

53. From mid-December through mid-January, Brazilian Courts and their respective clerks are in holiday recess, which impeded Respondent from collecting minor children's passports until 01/10/2022, the date when documents were factually released and withdrawn.

54. Despite the stay order from 01/11/2022 and an order from the 3rd Family Court on 01/12/2022 to reestablish the prohibition of minor children to leave Brazil and the obligation of Respondent to surrender once again minor children's passports, Respondent managed to leave Brazil with children to the United States on 01/12/2022.

55. Petitioner did not authorize Respondent to travel back to the United States with minor children and was never communicated about sudden travel arrangements. Respondent acted readily to deprive Petitioner from the opportunity to discuss whether minor children should return.

56. Petitioner is constantly deprived from communicating with minor children since January 2022 and from deciding about all aspects of children's education and life.

57. Petitioner argues Respondent has abducted minor children and is wrongfully retaining them in the United States.
58. Petitioner argues Respondent is in contempt of Court in regards to Order in para. 42. See The Florida Bar v. Taylor, 648 So. 2d 709 (Fla. 1995); JPG Enterprises, Inc. v. Viterito, 841 So. 2d 528 (Fla. 4th DCA 2003); Rose v. Ford, 831 So. 2d 763 (Fla. 4th DCA 2002).
59. However, Respondent keeps incontestably obstructing justice by moving with children to different States of the U.S.A, forcing Petitioner to restart new procedures in concurrent subject matter jurisdiction courts, based on Respondent's known last place of residency;

### COUNT 1 - Domestication of Sister-State Foreign Judgment

60. This action filed by Petitioner respectfully requests this Court to domesticate, recognize, and enforce a foreign Floridian judgment and is filed pursuant to Article 10, Chapter 9, Title 6 of the Alabama Statutes ("Uniform Enforcement of Foreign Judgments Act"). More particularly, enforcement of an order from the State of Florida for the return of Petitioner's minor children under The Hague Convention on the Civil Aspects of International Abduction. See also 42 U.S.C. §§ 11601 - 11610 (2012).
61. The order granted Petitioner's relief of return of Children.

### COUNT 2 - Return the Children Under the Hague Convention and ICARA

62. Firstly, it must be absolutely clear that the Convention is applicable to the present case. According to ICARA, the United States district courts shall have concurrent original jurisdiction of actions. Therefore, any person willing to initiate judicial proceedings under the Convention, for the return of a child, may do so by commencing a civil action by filing a petition in the court that has jurisdiction to do so, that being the one in the place where the children is located at the time the petition is filed.
63. Under Article 4, the applicability of the Convention encompasses any child habitually residing in a Contracting State (such as the United States and Brazil) before a breach of custody or access rights, as long as they remain under the age of 16 (which is the case for both minors). That means that all the suitable provisions are applicable to the case, allowing for measures to be taken immediately and demanding certain postures from Contracting States.
64. In this sense, Article 2 of Convention states that all states signatory to the Convention must take all appropriate measures to implement the objects of the Convention, and that the most expeditious procedures available shall be utilized. Moreover, Article 7 determines the co-operation between Contracting States and the respective competent authorities to secure the prompt return of children by the means of a multitude of measures.
65. That is precisely Petitioner's main plea: the quickest possible return of his children to a lawful state, seeing that the abduction has been in progress for a very long period of time (although not uninterrupted), directly against clear Orders of American and Brazilian courts alike.
66. Petitioner's right to plead so comes from the clear interpretation of Article 3 of the Convention, which states, in its *a)* item that the retention of a child is deemed wrongful when

there is a breach of the rights of custody under the law of the State in which the child was habitually resident immediately before the removal or retention. Once again, that is precisely the case here faced, as Respondent is maintaining the unilateral custody of the children without any consent nor any kind of effective knowledge or influence from Petitioner, directly against a decision of an appellate court in Brazil, the country of the habitual residence of the children.

67. Respondent is fully aware of the American judicial Order imposed in the past upon her, ordering her immediate return with children to their habitual residency. However, during legal procedures in Brazil, Respondent took a window of opportunity due to a temporary release of the children's passports — Petitioner's Motion to Stay granted on 01/12/2022 in accordance to para. 52 — and fled from Brazil without Petitioner's consent or knowledge.

68. That said, there is no doubt that Respondent is consciously in contempt of court by returning to the U.S.A after an Order granting Petitioner's relief by the First District Court of Appeal of the State of Florida — para. 42 — and acknowledging that the habitual residency of the children is Brazil and not the U.S.A.

69. Moreover, Petitioner reaffirms that Respondent is explicitly acting against the full faith and credit accorded by the courts of the State of Florida to the judgment and ordering of the return of children, pursuant to the Hague Convention, in a previous suit which determined that the habitual residence of children is Brazil;

## COUNT 3 - Remedies Under Convention and Pub. L. 100–300, §4, Apr. 29, 1988, 102 Stat. 438 (ICARA)

70. The Petitioner respectfully requests this Court to consider that under Article 12 of The Hague Convention ("Where a child has been wrongfully removed or retained in terms of Article 3 and, at the date of the commencement of the proceedings before the judicial or administrative authority of the Contracting State where the child is, a period of less than one year has elapsed from the date of the wrongful removal or retention, the authority concerned shall order the return of the child forthwith"), the commencement of this procedure is in accordance with the temporal jurisdiction established in the Convention (jurisdiction *ratione temporis*) for the immediate return of children.

71. The Petitioner reaffirms that the Respondent returned to the U.S.A on 01/12/2022 in non-compliance with the American judicial decision about the habitual residency of children being Brazil;

72. The Petitioner respectfully requests this Court to consider that under the temporal jurisdiction established by the Hague Convention, the authority seized with the return application has no discretion not to order the return of the children.

73. The Petitioner respectfully files for provisional remedies in accordance with 42 U.S.C. 11604 and Art. 7 (b) of the Hague Convention, considering that Respondent is recurrently moving with children from State to State to impede Petitioner not only to exercise his parental rights of custody and access to children, but to create difficulties to access justice in the U.S.A with blatant intent.

74. Thus, the Petitioner respectfully requests this Court to prevent, provisionally, the children's further removal or concealment until this proceeding is finalized. Moreover, the Petitioner

requests this Court arrangements for organizing and securing the effective exercise of rights of access to children, especially remotely, due to the willful disobedience, resistance and refusal of Respondent to comply with judicial Orders.

### COUNT 4 - Burdens of Proof of Petitioner

75. The Petitioner, in filing this procedure, respectfully affirms to this Court that Exhibits A to I as well as other official and private documents that may be requested by this Court to Petitioner establish, by a preponderance of the evidence, that:

    A. in the request by Petitioner for the return of children, that they have been wrongfully removed within the meaning of the Hague Convention;

    B. in the request by Petitioner for provisional remedies to prevent the children's further removal or concealment until this proceeding is finalized, that Respondent is recurrently harming the parental rights of Petitioner and creating difficulties of access to justice in the U.S.A, a country where Petitioner does not reside.

    C. in the request for arrangements for organizing and securing the effective exercise of rights of access to children, that the petitioner has such rights.

76. Complementarily, attached to this petition, there are the following documents deemed important for the burden of proof lying with the Petitioner. The majority of them are certified and apostilled copies, while others are applications submitted to the Central Authorities of both Brazil and the U.S.A, which are admissible pursuant to 42 USC 11605 and Art. 30 of the Hague Convention On The Civil Aspects of International Child Abduction. The supplementary documents are:

    A. the minor children's passports- **Exhibit J**;

    B. the Petitioner's passport and valid US Visa - **Exhibit K**;

    C. a utility bill from the Petitioner to prove his current residency- **Exhibit L**;

    D. Marriage Certificate of Petitioner and Dr. Debora Gaburri- **Exhibit M**;

    E. New Application to Brazilian and American Central Authorities according to allegations in para. 56- **Exhibit N**;

    F. Brazilian Appellate Court decree determining the seizure of the children's passports and their travel ban- **Exhibit O**;

    G. The children's proof of enrolment in a bilingual school/Juiz de Fora, Brazil- **Exhibit P**;

    H. Pictures of the children with Petitioner while in Brazil - **Exhibit Q.**

77. WHEREFORE, based on the foregoing, Petitioner respectfully requests that pursuant to the Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980, and the International Child Abduction Remedies Act, 42 U.S. C. § 11601 et seq. the Court:

    A. Take provisional measures to prevent further removal or concealment of children by the Respondent until the procedure is finalized;

B. Take arrangements for organizing and securing the effective exercise of rights of access to children by Petitioner;

C. Set an early evidentiary hearing on this Petition and communicate that hearing date and time to the Respondent;

D. Enter a final Order requiring the Respondent to return the Children to their habitual residency, which is Brazil;

E. Enter a final Order for Petitioner to travel to the U.S.A for the safe and protective removal of children of American territory and peaceful return to their habitual residency;

F. Grant an Order towards American international borders authorities for children to eventually reenter the U.S.A only with express, notarized and apostilled two-parent consent;

G. Award Petitioner his costs, granting Petitioner's right to self-representation (*pro se* litigant), for the prosecution of this action pursuant to Article 16 of the Convention and 42 U.S.C. § 11607(b)(3); and

H. Grant such other and further relief as this Court deems appropriate under the circumstances.

Dated this 23rd day of December 2022.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via [ ] Facsimile [ ] E-Portal [ ] United States Mail this ___ day of December 2022 to:

Niva Costa Cruz Gunter
508 Henderson Street
Andalusia, AL 3642
E-mail: niva.gunter@gmail.com
*Respondent-Mother*

### VERIFICATION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. (28 U.S. Code § 1746).

*[signature]*        12/29/2022

LEONARDO DE CARVALHO PEREIRA
*pro se* Litigant                                    DATE