IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEONARDO de CARVALHO PEREIRA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:23-cv-5-ECM-JTA |
| ) | (WO) |
| NIVA COSTA CRUZ GUNTER, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Before the court are the following motions: Defendant Niva Costa Cruz Gunter's Motion to Sanction Plaintiff for Refusal to Comply with October 27, 2023 Order (Doc. No. 32), Plaintiff Leonardo de Carvalho Pereira's Motion to Postpone the Hearing Scheduled for December 4, 2023 (Doc. No. 34), Pereira's Motion for Leave to Appear Remotely (Doc. No. 34), Gunter's Motion to Strike Exhibits to Plaintiff's Motion (Doc. No. 36), and Gunter's Motion to Sanction Plaintiff for Refusal to Comply with November 27, 2023 Order (Doc. No. 39). On December 4, 2023, the court held oral argument and a hearing by telephone regarding these motions. Upon consideration of the motions, briefs and the representations made at oral argument, and for the reasons stated below, it is ORDERED that the motions (Docs. No. 32, 34, 36, 39) are DENIED as moot, and Gunter is further ORDERED to file certain documents as specifically set out more fully below.

Also before the court is Pereira's December 22, 2023 Petition to Show Medical Reports and Supplement Evidence (Doc. No. 44). Gunter is ORDERED to respond to that filing exactly as specifically further set forth below.

## I.   DISCUSSION

A.   Pereira's Motion to Postpone the Hearing Scheduled for December 4, 2023 (Doc. No. 34)

On November 27, 2023, Pereira moved the court to postpone the oral argument on the motion for summary judgment that was previously set for December 4, 2023. (Docs. No. 30, 34.) Pereira argued that a continuance was needed due to his shoulder surgery scheduled for November 27, 2023. (Doc. No. 34.)

On November 30, 2023, the court entered an Order continuing oral argument on summary judgment generally until further notice. At the December 4, 2023 oral argument and hearing, the parties acknowledged that their summary judgment arguments and evidence were fully set forth in the briefs and evidentiary materials that have already been filed in this action, and that the court could rule on the petition on the basis of the materials already filed.[1] In any event, because expeditious resolution is mandated in cases filed under

---

[1] At the December 4, 2023 hearing, Pereira acknowledged that he had no new arguments or evidence to present. Nevertheless, Pereira requested leave to present oral argument on his summary judgment motion. Because the oral argument on summary judgment had already been postponed due to Pereira's request, his surgery, and his last-minute notice thereof, because he acknowledged on the record that he had no new arguments or evidence to present, and because of the gross inefficiencies of holding oral argument on summary judgment or taking evidence on the petition remotely with long delays for an interpreter to consecutively translate every statement made by the court, counsel, witnesses, or parties, the court declined to take oral argument from him on the petition or summary judgment at the December 4 telephone conference. Nevertheless, Pereira proceeded to make his oral argument, which did not contain any new information, was improper because it was not presented at a summary judgment hearing, was presented contrary to the court's

2

the Hague Convention and ICARA,[2] the court has broad discretion as to how to proceed, and "nothing requires [this] court even to hold an evidentiary hearing" or oral argument. *Gil-Leyva v. Leslie*, 780 F. App'x 580, 588 (10th Cir. 2019); *see also Dionysopoulou v. Papadoulis*, No. 8:10-CV-2805-T-27MAP, 2010 WL 5439758, at *2 n.1 (M.D. Fla. Dec. 28, 2010) (noting the mandate to expedite ICARA petitions and the lack of a requirement for a hearing under either the Hague Convention or ICARA). In light of the need for expeditious resolution and the lack of necessity for a hearing, there is at this time no apparent need to further delay these proceedings in hopes that Pereira will one day be well enough to attend them in person. Therefore, unless ordered otherwise, no oral argument or hearing will be held on the summary judgment motion or on the merits of the petition.

Though the summary judgment oral argument was postponed, the court proceeded by telephone conference with oral argument and hearings on other pending motions and a status conference that were also previously set for December 4, 2023. *Cf. Gil-Leyva v. Leslie*, 780 F. App'x 580, 587-88 (10th Cir. 2019) (a Hague Convention case in which the magistrate judge denied the petitioner's request to testify by telephone but nevertheless held oral argument remotely when the petitioner filed a last-minute request for an

---

oral and written instructions, and burdened the proceedings by taking time needed to address other matters. (*See* Doc. No. 38 at 1-2 (continuing the hearing on summary judgment and stating that, at the December 4, 2023 hearing and scheduling conference, "the parties shall be prepared to address the Report of Parties' Planning Meeting and to argue all pending motions, *except for the pending motion for summary judgment*" (emphasis added)).) The court finds that the oral argument on summary judgment that Pereira made in contravention of the court's instructions demonstrated beyond all certainty that an additional hearing on summary judgment or on the petition itself would add nothing substantive or material from him that he did not already cover in his previously-filed petition, briefs, documentary evidence, and other filings.

[2] The International Child Abduction Remedies Act ("ICARA"), 22 U.S.C.A. §§ 9001-9011.

additional four to six weeks to make travel preparations, a decision the Tenth Circuit affirmed because of the need to expedite Hague Convention proceedings and because of the prejudice a continuance would have caused the respondent). Hence, there is no need to continue those proceedings until a later date.

For these reasons, Pereira's Motion to Postpone the Hearing Scheduled for December 4, 2023 (Doc. No. 34) is due to be denied as moot.

B.      Pereira's Motion for Leave to Appear Remotely (Doc. No. 34)

Rule 43(a) of the Federal Rules of Civil Procedure provides:

> At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise. For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location.

In his motion (Doc. No. 43), Pereira requested to remotely attend the summary judgment oral argument and hearing at a later date. Pereira did not demonstrate good cause or compelling circumstances for holding the summary judgment hearing remotely at a later date after he is well enough to work and travel,[3] though credibility issues are at stake and

---

[3] Pereira contends that, due to surgery, he has been unable to travel for a period of thirty days after his November 27, 2023 surgery, and he seeks to have the summary judgment hearing rescheduled sometime after that thirty-day period. After that time, his only excuse for not attending in person is the cost and inconvenience to him in light of his limited resources. Pereira chose this forum in which to litigate. His allegation that he lacks the financial means to travel to this district is not sufficient to support his Rule 43(a) motion. *See Gil-Leyva*, 780 F. App'x at 587 (in which the Tenth Circuit found that, under Rule 43(a), there was "no error" in the magistrate judge denying the petitioner's last-minute request to appear remotely in a Hague Convention proceeding, despite the petitioner's argument that he "resides in British Columbia, Canada, and currently lacks the financial means to travel to Colorado for the hearing;" the court noted that "[m]ere inconvenience doesn't satisfy" Rule 43(a)'s "good cause in compelling circumstances" standard and the

though the logistics of a summary judgment oral argument and hearing on the petition would pose a significantly undue burden on judicial resources.[4] In addition, Pereira did not adequately explain how appropriate safeguards could be put in place to ensure that he was not being improperly influenced in his remote testimony.[5] In any event, in light of the parties' representations at the December 4, 2023 oral argument and hearing, the petition and summary judgment motion can be decided without further oral argument or hearings

---

magistrate judge's reasoning that, due to the petitioner's *pro se* status, the logistics of an evidentiary hearing required in-person attendance).

[4] The logistics of allowing Pereira to attend remotely any evidentiary hearing or summary judgment argument on the merits of this case are absolutely untenable in light of his *pro se* status and his need for an interpreter. *Cf. Gil-Leyva*, 780 F. App'x at 587 (in which the Tenth Circuit found that, under Rule 43(a), there was "no error" in the magistrate judge denying the petitioner's last-minute request to appear remotely in a Hague Convention proceeding, noting the magistrate judge's reasoning that, due to the petitioner's *pro se* status, the logistics of an evidentiary hearing required in-person attendance). For remote proceedings, only a consecutive interpreter can be used. This requires each speaker to pause after every few sentences for the translator to translate those sentences from Portuguese to English, or vice-versa, and further delays for points clarification between the translator and the speakers. For this reason, at the December 4, 2023 oral argument and hearing, matters that should only have taken a few minutes to address took much longer. For in-person proceedings, that would not necessarily be the case. In addition, Pereira took a significant amount of time presenting a summary judgment oral argument he had been told not to give, which may not have happened if a real-time translation had allowed the court to recognize what he was doing and correct the problem sooner. An in-person proceeding would better allow the court to more efficiently communicate and enforce its instructions to Pereira in a manner he can understand. In addition, despite ongoing custody-related proceedings in Brazil, Pereira chose to file this action in this forum and therefore should anticipate attending proceedings in person here, should any be held.

[5] Pereira is a cardiologist who purports to be proceeding *pro se*. At the hearing, Pereira had to communicate with the court through a translator. From the face of Pereira's filings, it appears likely that they were drafted by an undisclosed person who has vastly more knowledge than Pereira demonstrated at the hearing in both English and the law, or that Pereira at least required significant assistance from such a person. (*See, e.g.,* Doc. No. 18; Doc. No. 23.) In addition, at the December 4, 2023 hearing, Pereira indicated that he would prefer Plaintiff to work on the Rule 26(f) report through his "Brazilian attorney," who has not been admitted to this court nor appeared in this action. (The court denied that request.) Thus, there is reason to ensure that any remote testimony is safeguarded from improper coaching and assistance from an undisclosed person or from an undisclosed attorney's unauthorized practice of law in this court.

on the merits. Accordingly, Pereira's motion to appear remotely (Doc. No. 34) is due to be denied as moot.

C.   Gunter's Motion to Sanction Plaintiff for Refusal to Comply with October 27, 2023 Order (Doc. No. 32) and Gunter's Motion to Sanction Plaintiff for Refusal to Comply with November 27, 2023 Order (Doc. No. 39).

Gunter seeks sanctions, including dismissal with prejudice and an award of attorneys' fees and costs, because Pereira has not acted in good faith to produce a joint report of parties' planning meeting as required by Rule 26(f) of the Federal Rules of Civil Procedure and by this court's October 27 and November 27, 2023 Orders. (Docs. No. 30, 35, 39.) Rule 37(b)(2) provides for issuing "just orders" in response to a party's failure to comply with a discovery order, "including an order under Rule 26(f)." Fed. R. Civ. P. 37(b)(2)(a). Broad discretion is afforded the court in application of Rule 37(b)(2), bounded, of course, by considerations of due process. *Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993).

It is undisputed Pereira did not comply with the court's orders to cooperate with the parties' planning meeting and production of the report, and it appears likely that Pereira did not deal in good faith with opposing counsel regarding the matter.[6] However, the

---

[6] The court has previously commented on the indicators of bad faith and lack of due diligence on Pereira's part. (*See, e.g.*, Doc. No. 35 at 2-3 n.1.) In addition to the indicators previously mentioned, Pereira did not initially tell opposing counsel what he later told the court, which was that he could not participate in preparing the Rule 26(f) report due to alleged pain and scheduled surgery. Pereira's statements at the December 4, 2023 hearing demonstrate that knew about his upcoming surgery since sometime in October 2023, and the surgery was originally scheduled for November 15, 2023. He knew about his upcoming surgery on November 13, 2023, when he told Defendant's counsel that he was not going to comply with the November 27, 2023 Order to produce a joint parties' planning meeting report because he had not received an "official" copy of that Order, yet he said nothing at that time to opposing counsel about surgery or pain hindering him from participating in this litigation. (Doc. No. 34-1 at 3.) In fact, Pereira did not disclose to

ultimate purpose of imposing sanctions in this situation would be to obtain Pereira's compliance with the court's orders to produce a joint parties' planning meeting report. *See id.* (noting that a default judgment under Rule 37(b)(2)(C) is a "severe sanction" that is "appropriate only as a last resort, when less drastic sanctions would not ensure compliance with the court's orders"). Due to circumstances extraneous to Pereira's apparent bad faith behavior, compliance with those orders is no longer required. As previously noted, and as the parties have indicated, the petition and summary judgment motion can be decided on the petition, motions, briefs, and evidence already filed. Therefore, the court will no longer require the parties to file a Rule 26(f) report.

Accordingly, Gunter's Motion to Sanction Plaintiff for Refusal to Comply with October 27, 2023 Order (Doc. No. 32) and Gunter's Motion to Sanction Plaintiff for Refusal to Comply with November 27, 2023 Order (Doc. No. 39) will be denied as moot.

D.   Gunter's Motion to Strike Exhibits to Plaintiff's Motion (Doc. No. 36)

In her Motion to Strike Exhibits to Plaintiff's Motion (Doc. No. 36), Gunter requests that the court strike several exhibits that Pereira submitted in support of his argument that the summary judgment hearing should be rescheduled and that he should not be required

---

Gunter about his scheduled surgery until November 27, 2023, which was the day of his rescheduled surgery, the day before the parties' planning report was originally due, and merely one week before the December 4, 2023 oral argument and hearing. (Doc. No. 36 at 2; Doc. No. 36-1.) Neither did Pereira inform the court about his surgery until November 27, 2023. Had Pereira in good faith timely informed Defendant's counsel (and the court) of the situation, the last-minute motions for sanctions and scheduling issues would likely have been averted, and judicial resources would not have been diverted from the merits of this case to these other matters. In addition, Gunter may have been saved costs expended for scheduled travel to this district for the December 4, 2023 hearing, which was originally set as an in-person proceeding.

to attend in person because he allegedly cannot work or travel for a minimum period of 30 days following his November 27, 2023 surgery.

Technically, the evidentiary submissions to which Gunter's motion is directed are not pleadings subject to a motion to strike under the Federal Rules of Civil Procedure. Fed R. Civ. P. 7(a); Fed R. Civ. P. 12(f); *see Argonaut Midwest Ins. Co. v. McNeilus Truck & Mfg., Inc.*, No. 1:11-CV-3495-TWT, 2013 WL 489141, at *1 (N.D. Ga. Feb. 8, 2013) ("An affidavit is not a pleading subject to a motion to strike."). "However, as has been noted in other contexts, courts in this Circuit and elsewhere routinely overlook the technicality that the Federal Rules specifically provide only for motions to strike pleadings and instead rule on the substance of the motion." *Carter v. City of Montgomery*, No. 2:15-CV-555-WKW, 2015 WL 13846254, at *1 (M.D. Ala. Nov. 24, 2015) (citing *Argonaut*, 2013 WL 489141, at *1 (collecting cases)). In substance, Gunter is seeking to have the court disregard the contested exhibits or deem them unreliable because of the lack of authentication and for other reasons that go to the credibility of the evidence. As explained above, because the summary judgment hearing will not go forward for the reasons previously stated, the motion to which the contested exhibits are attached (Doc. No. 34) is due to be denied as moot. Thus, the court need not consider the contested exhibits, and Gunter's Motion to Strike Exhibits to Plaintiff's Motion (Doc. No. 36) is due to be denied as moot.

## II.     CONCLUSION

Accordingly, it is ORDERED as follows:

1. Defendant Niva Costa Cruz Gunter's Motion to Sanction Plaintiff for Refusal to Comply with October 27, 2023 Order (Doc. No. 32) is DENIED as moot.

2.  Plaintiff Leonardo de Carvalho Pereira's Motion to Postpone the Hearing Scheduled for December 4, 2023 (Doc. No. 34) is DENIED as moot.

3.  Pereira's Motion for Leave to Appear Remotely (Doc. No. 34) is DENIED as moot.

4.  Gunter's Motion to Strike Exhibits to Plaintiff's Motion (Doc. No. 36) is DENIED as moot.

5.  Gunter's Motion to Sanction Plaintiff for Refusal to Comply with November 27, 2023 Order (Doc. No. 39) is DENIED as moot.

6.  **On or before January 8, 2023,** Defendant Gunter shall file the following in writing:

    a.  In accordance with the instructions from the court at the December 4, 2023 hearing, Gunter shall file written confirmation of the **date** of the opinion of the Judicial Branch of the State of Minas Gerais, State Supreme Court, which is found at Doc. No. 11-1 and again at Docs. No. 19-1, 19-2, and 19-3. Gunter shall provide an affidavit, authenticated stamped-filed court document, or other appropriate evidence as to the correctness of the date of that order.

    b.  In accordance with the instructions from the court at the December 4, 2023 hearing, Gunter shall file a copy of the opinion issued in Interlocutory Appeal No. 1.0000.21.043733-1/007, in which "it was unanimously decided to reverse the superseadeas of the appeal" and which is referenced in Doc. No. 11-1 at page 6. Gunter shall also

9

      provide a certified translation of that opinion issued in Interlocutory Appeal No. 1.0000.21.043733-1/007 and a certification or other appropriately authenticated indication of the date of that opinion. If the opinion itself bears the date of its issuance, the opinion itself will suffice to establish the date of the opinion.

    c.    Gunter shall file a written response to Pereira's December 22, 2023 Petition to Show Medical Reports and Supplement Evidence (Doc. No. 44). The response **shall not** address Pereira's medical evidence regarding his shoulder surgery or his information regarding recent attempts to jointly work on a Rule 26(f) report, as those issues are moot. Gunter's response **shall** address Pereira's characterization of the December 15, 2023 Order of the Brazilian Superior Court of Justice dismissing an interlocutory appeal (Doc. No. 44 at 2-3; Doc. No. 44-1) and **shall** further respond to Pereira's position regarding the import, if any, that the Superior Court of Justice's December 15, 2023 Order and the litigation in that action has on the issues in this case.

7.    **Because time is of the essence, except by leave of court upon a showing of good cause, further replies and surreplies <u>will not be allowed</u> with respect to any of the submissions required by this Order.**

8.    The court's instruction to the parties at the December 4, 2023 hearing to jointly submit the Rule 26(f) report is hereby SUSPENDED.

***Failure to comply with this or any Order of this court or with the Federal Rules of Civil Procedure, including Rule 11, will be cause for sanctions as appropriate, including monetary sanctions, an adverse default judgment, or dismissal of this case with or without prejudice for failure to prosecute or failure to comply with court orders. Failure by any party or counsel to deal in candor and good faith with the court, opposing counsel, or the opposing party will result in sanctions or other appropriate remedies.***

DONE this 27th day of December, 2023.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE