IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEONARDO de CARVALHO PEREIRA, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CASE NO. 2:23-cv-5-ECM-JTA ) (WO) |
| NIVA COSTA CRUZ GUNTER, | ) ) |
| Defendant. | ) |

## **ORDER**

Before the court is Plaintiff Leonardo de Carvalho's Petition to Show Medical Reports and Supplement Evidence. (Doc. No. 44.) In the motion, Pereira seeks an extension of the deadline to file the Rule 26(f) report. (*Id*.) He also seeks to present evidence to supplement his ill-timed[1] November 27, 2023 motion (Doc. No. 34), in which he argued that he could not timely participate in meeting the parties' deadline to create jointly a Rule 26(f) report because he had suffered a shoulder injury some months earlier[2] and was scheduled for shoulder surgery on November 27, 2023, the day before the report was originally due. (Doc. No. 44.)

---

[1] Pereira's November 27, 2023 motion was the first time the court and opposing counsel learned of Pereira's shoulder injury and scheduled surgery. The court has previously noted the indicators of bad faith in the timing of Pereira's November 27, 2023 motion. (Doc. No. 35 at 2-3 n. 1; Doc. No. 45 at 6-7.)

[2] In his November 27, 2023 motion, Pereira characterized his shoulder surgery merely as "recent." (Doc. No. 34 at 2) However, at the December 4, 2023 oral argument on the motion, Pereira conceded that he had suffered the shoulder injury some months before and indicated that he had known since at least October 2023 about his rescheduled surgery date of November 27, 2023 (which had originally been scheduled for a date in October 2023).

On December 27, 2023, the court entered an order discussing the unnecessary delay caused by Periera's lack of good faith in timely communicating with opposing counsel and the court regarding any alleged limitations he was facing due to his shoulder injury and scheduled surgery. (Doc. No. 45 at 6-7 & n.6.)[3] The court further decided that it would "no longer require the parties to file a Rule 26(f) report" because, at the telephonic proceedings held on December 4, 2023, the parties agreed that "the petition and summary judgment motion can be decided on the petition, motions, briefs, and evidence already filed." (*Id*. at 4-7 & n.6.) Additionally, no hearing is necessarily required, as this is a Hague Convention/ICARA proceeding and it must be expedited rather than prolonged in hopes that Pereira will one day be willing and able attend a hearing in person. *Gil-Leyva v. Leslie*, 780 F. App'x 580, 588 (10th Cir. 2019); *Dionysopoulou v. Papadoulis*, No. 8:10-CV-2805-T-27-MAP, 2010 WL 5439758, at *2 n.1 (M.D. Fla. Dec. 28, 2010); *see also Teller v. Helbrans*, No. 19-CV-3172-SJB, 2019 WL 3975555, at **1-2 (E.D.N.Y. Aug. 21, 2019) (noting that "[i]t is highly unusual … for a petitioner[4] not to appear at the hearing to testify in a Hague Convention matter" and explaining that, even if the petitioner had provided adequate grounds for remote appearance in the action, the court would still require the petitioner to appear in person because "conducting cross-examination at a trial via video of a party is near impossible" and because "the Court's own need to examine [p]etitioner,

---

[3] The December 27, 2023 Order may also be found at *Pereira v. Gunter*, No. 2:23-CV-5-ECM-JTA, 2023 WL 8937582 (M.D. Ala. Dec. 27, 2023).

[4] In the related Hague Convention action Pereira filed in Florida, Pereira and his counsel appeared in person at the hearing on the merits, and Gunter (as *pro se* respondent who resided in a distant jurisdiction at the time) and some witnesses from Brazil appeared remotely. (Doc. No. 1-8 at 4; Doc. No. 1-9 at 5 n.1.)

2

evaluate his credibility and demeanor, given his singular importance to this case—as the person availing himself of this Court and bringing this petition—requires his presence for live, on-the-record, in-person testimony"). (*See* Doc. No. 45 at 4-6 (explaining the necessity of an in-person hearing on any proceedings on the merits of Pereira's petition and why Pereira had not shown "good cause in compelling circumstances" to appear remotely).)

As a Rule 26(f) report is no longer required of the parties, Pereira's Petition to Show Medical Reports and Supplement Evidence (Doc. No. 44) is moot. (*See* Doc. No. 45 at 8 (noting that Pereira's earlier motion for relief from the Rule 26(f) report deadline (Doc. No. 34) was due to be denied as moot).) Accordingly, it is

ORDERED that Pereira's Petition to Show Medical Reports and Supplement Evidence (Doc. No. 44) is DENIED as MOOT.

DONE this 29th day of January, 2024.

*/s/ Jerusha T. Adams*
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE