IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LEONARDO de CARVALHO PEREIRA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL CASE NO. 2:23-cv-5-ECM [WO] |
| NIVA COSTA CRUZ GUNTER, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

On February 22, 2024, the Magistrate Judge entered a Recommendation that Plaintiff Leonardo de Carvalho Pereira's ("Plaintiff") Verified Petition to Domesticate a Foreign Florida Judgment and to Order the Return of Abducted and Wrongfully Retained Children Pursuant to International Treaty and Federal Statute (doc. 1) be denied, that Defendant Niva Costa Cruz Gunter's ("Defendant") motion for summary judgment (doc. 11) be granted, and that the Defendant's motion to dismiss (doc. 11) be denied as moot. (Doc. 51). On March 7, 2024, the Plaintiff timely filed objections to the Magistrate Judge's Recommendation as well as a motion to stay the proceedings. (Doc. 52).

After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections, the Court concludes that the Plaintiff's objections are due to be overruled, his motion to stay is due to be denied, the Recommendation of the Magistrate Judge is due to be adopted, the Defendant's motion for

summary judgment is due to be granted and her motion to dismiss is due to be denied as moot, and this action is due to be dismissed with prejudice.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections. To the extent the Plaintiff makes conclusory objections or merely reiterates the claims and factual assertions contained in his petition and other filings, these objections are reviewed for clear error and are due to be overruled.

The Plaintiff appears to object to the Court's treatment of him as a *pro se* litigant.

2

He contends, among other things, that "everything that [the Plaintiff] does towards this Court . . . is categorized as abuse of process and bad faith from the perspective of the MAGISTRATE JUDGE." (Doc. 52 at 2) (bold emphasis omitted) (uppercase in original). However, the Magistrate Judge expressly stated that the Recommendation on the Plaintiff's petition and on the Defendant's dispositive motions "turns on the facts and the law, not on [the Plaintiff's] credibility or bad faith." (Doc. 51 at 43). Moreover, the Plaintiff fails to show how his alleged treatment establishes any error in the Magistrate Judge's reasoning or conclusions concerning his failure to make out a *prima facie* case that the minor children were wrongfully removed in January 2022. Consequently, these objections are due to be overruled.

The Plaintiff also objects to the Magistrate Judge's failure to consider or address certain alleged facts or circumstances. For example, the Plaintiff contends that the Recommendation should have "ask[ed] Defendant to prove the means Defendant is providing the father access to the children." (Doc. 52 at 6). But the Plaintiff does not explain how these facts or circumstances, if considered, establish that the Magistrate Judge erred in concluding that the Plaintiff failed to make out a *prima facie* case that the children were wrongfully removed in January 2022. Consequently, these objections are due to be overruled.

Additionally, the Plaintiff objects to the Recommendation's failure to address

3

whether the Defendant had proven the existence of an exception to the return requirement,[1] such as, for example, that the return of the child would expose the child to a grave risk of harm. (Doc. 52 at 5). However, the existence or not of an exception presupposes that the Plaintiff has met his burden to establish a *prima facie* case of wrongful removal. *See* 22 U.S.C. § 9003(e); *Golan v. Saada*, 596 U.S. 666, 671–72 (2022); (doc. 51 at 6–7) (quoting *Golan*, 596 U.S. at 671–72). The Magistrate Judge found that he failed to meet his burden. This objection fails to show any error by the Magistrate Judge in concluding that the Plaintiff has not established his *prima facie* case. Consequently, this objection is due to be overruled.

In sum, the Court agrees with the Magistrate Judge's thorough and well-reasoned Recommendation and concludes that the Recommendation is due to be adopted.

The Plaintiff also requests that the Court stay the proceedings in this case due to an allegedly upcoming trial in the Superior Court of Justice in Brazil. The Court acknowledges that it "has broad discretion to stay proceedings as incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Additionally, "[t]he inherent discretionary authority of the district court to stay litigation pending the outcome of [a] related proceeding in another forum is not questioned." *CTI-Container Leasing Corp. v. Uiterwyk Corp.*, 685 F.2d 1284, 1288 (11th Cir. 1982). On this record, the Court in its discretion declines to stay these proceedings.

---

[1] Although the Plaintiff uses the phrase "affirmative defenses" rather than "exceptions," (doc. 52 at 5), the Court construes the Plaintiff's submission as a reference to the exceptions recognized under the International Child Abduction Remedies Act ("ICARA"), *see* 22 U.S.C. § 9003(e)(2).

4

Accordingly, upon an independent review of the record, and for good cause, it is ORDERED as follows:

1. The Plaintiff's objections (doc. 52) are OVERRULED;

2. The Plaintiff's motion to stay (doc. 52) is DENIED;

3. The Recommendation of the Magistrate Judge (doc. 51) is ADOPTED;

4. The Defendant's motion for summary judgment (doc. 11) is GRANTED;

5. The Defendant's motion to dismiss (doc. 11) is DENIED as moot;

6. All other pending motions are DENIED as moot;

7. This case is DISMISSED with prejudice.

A separate Final Judgment will be entered.

DONE this 13th day of March, 2024.

                                          /s/ Emily C. Marks
                                    EMILY C. MARKS
                                    CHIEF UNITED STATES DISTRICT JUDGE